IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID LAMAR JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 1:19cv772-WHA |
| ) | (WO) |
| STEVEN T. MARSHALL, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

This case is before the court on David Lamar Johnson's amended *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] *See* Doc. Nos 2 & 4.  Johnson challenges his conviction for possession of a forged instrument in the second degree entered against him by the Circuit Court of Houston County, Alabama on August 30, 2007.  The trial court sentenced Johnson as an habitual offender on September 19, 2007, to 40 years' imprisonment.  In his present petition, Johnson asserts that he was denied an impartial jury, he received ineffective assistance of counsel, the indictment was defective, and other violations of his constitutional rights occurred during his 2007 trial.  Doc. No. 4. For the reasons that follow, it is the recommendation of the Magistrate Judge that Johnson's § 2254

---

[1] Johnson originally filed this § 2254 petition in the United States District Court for the Northern District of Alabama on May 31, 2019.  *See* Doc. No. 2.  After Johnson filed an amended § 2254 petition pursuant to that court's orders, the court for the Northern District transferred the case to this court pursuant to 28 U.S.C. § 2241(d).  *See* Doc. Nos. 3–8.

petition be dismissed as a successive petition filed without the required appellate court authorization.

## II. DISCUSSION

Johnson has filed two previous habeas corpus petitions in this court under 28 U.S.C. § 2254 challenging his 2007 Houston County conviction for possession of a forged instrument in the second degree. He filed his first § 2254 petition on July 29, 2008. *Johnson v. Giles*, Civil Action No. 1:08cv610-TMH (M.D. Ala. 2009). In that prior action, this court denied Johnson relief, finding his claims to be procedurally defaulted and dismissing his § 2254 petition with prejudice. *Id*. at Doc. Nos. 64, 71 & 72.

On November 20, 2012, Johnson filed a second § 2254 petition in this court challenging his 2007 Houston County conviction for possession of a forged instrument in the second degree. *See Johnson v. Hetzel*, Civil Action No. 1:12cv1030-TMH (M.D. Ala. 2009). This court dismissed that petition under the provisions of 28 U.S.C. § 2244(b)(3)(A), because it constituted a second or successive habeas petition filed without the required authorization from the Eleventh Circuit Court of Appeals. *Id.*, Doc. Nos. 4, 8, 9 & 10.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the

assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[2] 28 U.S.C. § 2244(b)(3)(B) & (C).

Dismissal of a habeas corpus petition as procedurally defaulted constitutes, as a matter of law, an adjudication on the merits for the purposes of § 2244(b)(3)(A)'s second or successive petition requirements. *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005); *Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001). Here, Johnson's claims in his first § 2254 petition were dismissed as procedurally defaulted. *See* Civil Action No.

---

[2] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>   (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

1:08cv610-TMH (Doc. No. 64). The court's judgment denying Johnson's first § 2254 petition therefore constituted a denial on the merits.

Johnson's instant § 2254 petition is a successive challenge to his 2007 conviction and is therefore subject to the limitations of § 2244(b). Johnson furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition for habeas corpus relief. "Because this undertaking [is a successive] habeas corpus petition and because [Johnson] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, this case is due to be summarily dismissed. *See id*. at 934.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition for habeas corpus relief filed by Johnson be DISMISSED for lack of jurisdiction, in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), because Johnson has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 12, 2019. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 28th day of October, 2019.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge